UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:                                        Case No. 17-37355

                                              Honorable LaShonda A. Hunt

Kanzler Landscape Contractor, Inc.            Chapter 11

## ALLY FINANCIAL'S OBJECTION TO CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

NOW COMES Ally Financial, by and through its attorney James M. Philbrick of the LAW OFFICES OF JAMES M. PHILBRICK P.C., and as and for its Objection to Confirmation of Debtor's Chapter 13 Plan, states as follows:

1.      That Ally Financial is a creditor-claimant of the Debtor, and brings this Objection pursuant to 11 U.S.C. §1324 and §1325.

2.      That on July 14, 2014, the Debtor executed an Agreement for an interest in one 2015 CHEVROLET SILVERADO, VIN: 1GC4K0EG1FF166339.  That on August 17, 2015, the Debtor executed an Agreement for an interest in one 2013 CADILLAC ESCALADE ESV, VIN: 1GYS4JEFXDR223416.

3.      That on July 14, 2014, the Agreement was duly assigned to Ally Financial.  That thereafter the lien of Ally Financial was properly perfected in accordance with the Illinois Motor Vehicle Act, and said lien was noted upon the certificate of title in connection with the aforesaid vehicle.

4.      That on December 18, 2017, the Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

5.      That the payoff balances owing to Ally Financial under the terms of the Agreements at the time of filing were $18,872.03 for the 2015 CHEVROLET SILVERADO, VIN: 1GC4K0EG1FF166339  and $16,162.67 for the 2013 CADILLAC ESCALADE ESV, VIN: 1GYS4JEFXDR223416.

6.      That the Debtor's chapter 11 plan does not specifically provide for Ally Financial's claims for the two aforesaid vehicles.

7.      That the Debtor's Chapter 11 Plan does not provide for Ally Financial in any specific class of claims enumerated in the plan.

8.      That the Debtor's Chapter 11 Plan does provide a chart of chart of payments attachment for

payments due to creditors, the plan does not provide for specific treatment of Ally Financial's claims.

Moreover, the listed payments for Ally Financial for the aforesaid vehicles do not mirror the payments due

under the retail installment contracts for the aforesaid vehicles.

9.      That the Debtor's plan should provide that the Debtor shall remain in full compliance pursuant to

the underlying retail installment contract for the 2015 CHEVROLET SILVERADO, VIN:

1GC4K0EG1FF166339  and for the 2013 CADILLAC ESCALADE ESV, VIN: 1GYS4JEFXDR223416,

including payments, with Ally Financial, including monthly payments, interest, late charges and attorney's fees

and that Ally Financial shall retain its lien on the 2015 CHEVROLET SILVERADO, VIN:

1GC4K0EG1FF166339  and the 2013 CADILLAC ESCALADE ESV, VIN: 1GYS4JEFXDR223416 until such

time as the retail installment contract has been fully satisfied.

10.      That for the reasons stated herein, confirmation of the Debtor's Chapter 13 Plan should be

denied.

WHEREFORE, Ally Financial prays this Honorable Court for entry of an order denying confirmation of

the Debtor's Chapter 13 Plan and for such other and further relief as the Court may deem just and proper.


Ally Financial


By:   /s/ James M. Philbrick
                    One of its Attorneys

## CERTIFICATE OF SERVICE

I, James M. Philbrick, an attorney, certify that I personally served the above Objection on the Debtor's attorney,
Lester A. Ottenheimer, III and on the US Trustee, Patrick S Layng, by Court Electronic Notification on the 3rd
day of July, 2018, before the hour of 5:00 p.m.


/s/ James M. Philbrick


James M. Philbrick
Attorney No. 6244743
Law Offices of James M. Philbrick
P.O. Box 351
Mundelein, Illinois   60060
847/949-5290
Fax: 847/949-5690
jamesphilbrick@comcast.net